AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER: 1:03CR00341-002  
DEFENDANT: KHAI TUNG ONG

Judgment - Page 3 of 7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 MONTHS.

This term consists of EIGHTY-SEVEN(87) MONTHS, as to each of Counts 1 through 4, with all such terms to run concurrently

[✓] The court makes the following recommendations to the Bureau of Prisons:  
Terminal Island, CA.

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.  
    [ ] at ___ on ___.  
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:  
    [ ] before _ on ___.  
    [ ] as notified by the United States Marshal.  
    [ ] as notified by the Probation or Pretrial Services Officer.

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII  
AUG 10 2006  
at 10 o'clock and 15 min A M  
SUE BEITIA, CLERK

# RETURN

I have executed this judgment as follows:

_____

Defendant delivered on 06-28-06 to MCA  
at McRae, GA, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____ Records Specialist  
~~Deputy U.S. Marshal~~

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:03CR00341-002  
DEFENDANT: KHAI TUNG ONG

Judgment - Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 YEARS .

This term consists of FIVE(5) YEARS, as to each of Counts 1 through 4, with all such terms to run concurrently

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:03CR00341-002 | Judgment - Page 5 of 7 |
| DEFENDANT: | KHAI TUNG ONG | |

## SPECIAL CONDITIONS OF SUPERVISION

1) Defendant shall participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. Defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2) Defendant shall submit to removal proceedings, including deportation or exclusion, as required by the Department of Homeland Security. The defendant shall not enter into the United States without proper authority.

3) Defendant shall execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER: 1:03CR00341-002  
DEFENDANT: KHAI TUNG ONG

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | $ | $ |

[ ] The determination of restitution is deferred until      . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**TOTALS**     $ _                                $ _

[ ] Restitution amount ordered pursuant to plea agreement   $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   the interest requirement is waived for the      [ ] fine       [ ] restitution

   [ ]   the interest requirement for the    [ ] fine      [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:03CR00341-002                                    Judgment - Page 7 of 7
DEFENDANT:        KHAI TUNG ONG

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ _ due immediately, balance due
        [ ]   not later than _ , or
        [ ]   in accordance       [ ] C,    [ ] D,    [ ] E, or   [ ] F below, or

B  [✔]  Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or  [ ] F below); or

C  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to
        commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to
        commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment.
        The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.


[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ᴏB (Rev. 12/03) Sheet 6 - Statement of Reason  ORIGINAL  (Not For Public Disclosure)

ᴊE NUMBER: 1:03CR00341-002  DATE: NOVEMBER 16, 2005
ᴅEFENDANT: KHAI TUNG ONG

| Social Security: # None | Date of Birth: 5/5/1977 | Home address: Surrey, British Columbia Canada | Mailing address: None |

# STATEMENT OF REASONS
### (Not for Public Disclosure)

[✓] THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.

OR

[ ] THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:

  [ ] **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics:

  [ ] **Chapter Three of the U.S.S.G. Manual** adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  [ ] **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

[ ] **THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

| Total Offense Level: | 35 |
| Criminal History Category: | I |
| Imprisonment Range: | 168 to 210 months |
| Supervised Release Range: | - to 5 years |
| Fine Range: | $ 20,000 to $ 4,000,000 |

[✓] Fine waived or below the guideline range because of inability to pay.

[ ] **THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.**

OR

[ ] **THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS:**

RECEIVED 2005 DEC -7 PM 1:22 U.S. MARSHALS SERVICE HONOLULU, HI

(Not For Public Disclosure)

DATE: NOVEMBER 16, 2005

AO 245B (Rev. 12/03) Sheet 6 - Statement of Reason

CASE NUMBER: 1:03CR00341-002
DEFENDANT: KHAI TUNG ONG

## RESTITUTION DETERMINATIONS

Total Amount of Restitution: $ NONE

[ ] For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 2663A(c)(3)(A).

[ ] For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to agree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

[ ] For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

[ ] Restitution is not ordered for other reasons:

[ ] Partial Restitution is ordered under 18 U.S.C. § 3663(c) for these reasons: 0

## DEPARTURE (Check all that apply)

[✓] The sentence departs <u>below the guideline range</u> for the following reasons; or
[ ] The sentence departs <u>above the guideline range</u> for the following reasons:

**Pursuant to a Plea Agreement**
[✓] based on 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ] based on a government motion pursuant to an early disposition program;
[ ] based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
[ ] based on a plea agreement which <u>cites the below reason</u> for departure, which the court finds to be justified; or
[ ] based on a plea agreement which states that the government will not oppose a defense departure motion and <u>cites the below reason.</u>

**Pursuant to a Motion Not Addressed in a Plea Agreement**
[ ] pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ] pursuant to a government motion <u>based on the below reason</u> for departure; or
[ ] pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has not objected; or
[ ] pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has objected.
[ ] Other than plea agreement or motion by the parties <u>based on the below reason</u> for departure.

**Reason(s) for Departure**

[ ] 4A1.3 Criminal History Adequacy (explain)
[ ] 5K2.0 Aggravating or Mitigating Circumstances (explain):
[ ] 5K2.1 Death
[ ] 5K2.2 Physical Injury
[ ] 5K2.3 Extreme Psychological Injury
[ ] 5K2.4 Abduction or Unlawful Restraint
[ ] 5K2.5 Property Damage or Loss
[ ] 5K2.6 Weapons and Dangerous Instruments
[ ] 5K2.7 Disruption of Government Function

[ ] 5K2.8 Extreme Conduct
[ ] 5K2.9 Criminal Purpose
[ ] 5K2.10 Victim's Conduct
[ ] 5K2.11 Lesser Harm
[ ] 5K2.12 Coercion and Duress
[ ] 5K2.13 Diminished Capacity
[ ] 5K2.14 Public Welfare

[ ] 5K2.16 Voluntary Disclosure of Offense
[ ] 5K2.17 High-Capacity Semiautomatic Firearm
[ ] 5K2.18 Violent Street Gang
[ ] 5K2.20 Aberrant Behavior
[ ] 5K2.21 Dismissed and Uncharged Conduct
[ ] 5K2.22 Age or Health of Sex Offenders
[ ] 5K2.23 Discharged Terms of Imprisonment
[ ] 5K3.1 Early Disposition, "fast track" Program

[ ] Other (e.g., 2B.1, commentary, 5H1.1-5H1.6 or 5H1.11)(explain and state guideline and/or statutory basis).

AO 245B (Rev. 12/03) Sheet 6 - Statement of Reason                                    (Not For Public Disclosure)

CASE NUMBER:      1:03CR00341-002                                    DATE: NOVEMBER 16, 2005
DEFENDANT:        KHAI TUNG ONG

NOVEMBER 16, 2005
Date of Imposition of Judgment

*[signature]*
Signature of Judge

**DAVID ALAN EZRA**, Chief United States District Judge
Name and Title of Judge

12-6-05
Date Signed

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case   ORIGINAL

# United States District Court
## District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KHAI TUNG ONG | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 1:03CR00341-002<br>USM Number: 90617-022<br>MARK ZENGER, ESQ.<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): <u>1, 2, 3, and 4 of the Indictment</u>.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

NOVEMBER 16, 2005
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**DAVID ALAN EZRA**, Chief United States District Judge
Name & Title of Judicial Officer

Dec. 6, 2005
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

| CASE NUMBER: | 1:03CR00341-002 | | Judgment - Page 2 of 7 |
| DEFENDANT: | KHAI TUNG ONG | | |

ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §952(a), 960(b)(1) and 963 | Conspiracy to import into the United States in excess of 500 grams of methamphetamine | 6/22/2003 | 1 |
| 21 U.S.C. §841(a)(1) and 846 | Conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine | 6/22/2003 | 2 |
| 21 U.S.C. §952(a) and 960(b) and 18 U.S.C. §2 | Importation of in excess of 500 grams of methamphetamine | 6/16/2003 | 3 |
| 21 U.S.C. §841(a)(1) and 841(b)(1)(A) | Distribution of in excess of 500 grams of methamphetamine | 6/16/2003 | 4 |